**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NORTH COUNTRY STORE, LLC, individually and on behalf of a class of all persons or entities who are similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> UNITED NATURAL FOODS, INC., <br><br> Defendant. | Civil Action No. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446(a), and 1453, Defendant United Natural Foods, Inc. ("UNFI") by and through its undersigned counsel, hereby removes this action from the Rhode Island Superior Court, Providence County to the United States District Court for the District of Rhode Island. As set forth below, this case is properly removed to this Court because this Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453 ("CAFA"). As further grounds for removal, UNFI states as follows:

**BACKGROUND AND PROCEDURAL POSTURE**

1. On November 9, 2018, Plaintiff North Country Store, LLC ("Plaintiff") filed a putative Class Action Complaint (the "Complaint") against UNFI in the Rhode Island Superior Court, Providence County, captioned *North Country Store, LLC v. United Natural Foods, Inc.*, C.A. No. PC-2018-8084 (R.I. Super. Ct. Providence County) ("State Court Action"). A copy of Plaintiff's Complaint is attached hereto as **Exhibit A**, and a copy of the Summons issued as to UNFI is attached hereto as **Exhibit B**.

2. On January 4, 2018, UNFI's counsel executed a Waiver of Service, waiving service of the Summons and Complaint, which is the initial pleading setting forth the claims for relief upon which this removal is based. A copy of UNFI's Waiver of Service is attached hereto

as **Exhibit C**. In the Waiver of Service, UNFI "retain[ed] all defenses or objections to the lawsuit . . . except for objections based upon a defect in the summons or in the service of the summons."

## TIMELINESS OF REMOVAL

3. Removal of this Complaint is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after UNFI's counsel executed the Waiver of Service on January 4, 2018.

## GROUNDS FOR REMOVAL UNDER CAFA

4. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

5. This Court has subject matter jurisdiction under CAFA, 28 U.S.C. § 1332(d), because: (i) the putative class consists of at least 100 proposed class members, § 1332(d)(5)(B); (ii) the citizenship of at least one putative class member is different from that of UNFI, § 1332(d)(2)(A); and (iii) the aggregate amount placed in controversy by the claims of Plaintiff and the putative class members together exceeds $5,000,000, exclusive of interest and costs, § 1332(d)(2). *See Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 (D. Mass. 2009).

6. As the United States Supreme Court recently held, there is no presumption against removal under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

**A.    The Putative Class Consists of at Least 100 Proposed Class Members.**

7. To qualify for removal under 28 U.S.C. § 1332(d)(2), UNFI must first establish that Plaintiff's putative class contains 100 or more individuals. *See* § 1332(d)(5).

8. Plaintiff purports to bring this action on behalf of one nationwide class: "[a]ll persons and entities who reside in the United States who (1) paid fuel surcharges to UNFI at any time during the applicable statute of limitations, and (2) entered into a written contact [sic] with UNFI that was in effect at any time from six years prior to the filing of this Complaint through the date of class notice which contains the following provision:

> **Fuel Surcharge**
> The price of fuel has a significant impact upon the operating costs of all companies with transportation fleets, and United Natural Foods (UNFI) is no exception. UNFI does not factor fuel costs into the price of our products.
>
> Our policy is to bill a fuel surcharge if the weekly average of retail on-highway diesel prices (as determined by the U.S. Department of Energy) falls within the chart guidelines listed below. UNFI monitors diesel prices on a regular basis and will only add a fuel surcharge if market conditions dictate. The surcharge will be shown as a separate line item at the bottom of your invoice, and will only be billed once for each delivery regardless of the number of orders delivered or dollar amount."

*Compl.* ¶ 9.

9. UNFI has over 100 customers in the United States who entered into a written contract with the "Fuel Surcharge" provision and paid the so-called "Fuel Surcharge" during the purported six year class period. *See* Declaration of Seth Holbrook ("Holbrook Dec."), **Exhibit D** at ¶ 6. Moreover, Plaintiff alleges that "upon information and belief," the "number of putative members of the class exceeds 100 entities." Compl. ¶¶ 12, 14.

10. Accordingly, the aggregate number of members in the alleged putative class is at least 100 for purposes of satisfying 28 U.S.C. § 1332(d)(5)(8). *See Khath v. Midland Funding, LLC,* No. 14-14184-MLW, 2016 U.S. Dist. LEXIS 43495, at *3 (D. Mass. Mar. 30, 2016) (CAFA's requirement that there be at least 100 putative class members satisfied by representations in notice of removal); *see also Sierra v. Progressive Direct Ins. Co.,* No. 12-30020-FDS, 2012 U.S. Dist. LEXIS 140864, at *3 (D. Mass. Sep. 28, 2012) (requirement met where complaint

alleged that number of putative class members exceeded 100).

### B. The Citizenship of at Least One Putative Class Member is Different from the Citizenship of Defendant UNFI.

11. Minimal diversity of citizenship, as contemplated by CAFA, exists between UNFI and the putative class. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring that "any member of a class of plaintiffs [be] a citizen of a State different from any defendant").

12. In the Complaint, Plaintiff alleges that it is "a New York entity that does business in Jefferson County, New York." *See* Compl. ¶ 7. Reasonably available public information confirms these allegations. *See* New York Department of State Filing attached hereto as **Exhibit E**.[1] Upon information and belief, for purposes of diversity jurisdiction, Plaintiff is a citizen of the State of New York. *See* 28 U.S.C. § 1332(d)(10) (For purposes of CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."); *see also Ferrell v. Express Check Advance of SC LLC,* 591 F.3d 698, 701 (4th Cir. 2010) (CAFA "changed the traditional rule for determining the citizenship of 'unincorporated associations' in class actions" and a limited liability company is such an "unincorporated association" under the statute).[2]

13. UNFI is a corporation organized under the laws of the State of Delaware with its principal place of business and headquarters in Providence, Rhode Island. *See* Compl. ¶ 6; *see also* Holbrook Dec., Ex. D at ¶ 3. Accordingly, for purposes of diversity jurisdiction, UNFI is a citizen of both Delaware and Rhode Island. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend,* 559 U.S. 77, 81 (2010).

---

[1] As a public record maintained by the New York Department of State, this Court may judicially notice Plaintiff's Division of Corporation's profile. *See, e.g.*, *Maller v. Rite Aid Corp.,* No. 1:14-CV-0270 (GTS/CFH), 2016 U.S. Dist. LEXIS 43157, at *10 (N.D.N.Y. Mar. 31, 2016) (collecting cases, judicially noticing a "printout from the New York State Department of State's website.")

[2] Furthermore, the putative class includes "[a]ll persons and entities who reside in the United States." Compl. ¶ 9. Therefore, at least one member of the putative class is a citizen of a state other than Delaware or Rhode Island.

14. Because the named Plaintiff is a citizen of the State of New York and/or at least one member of the putative class is a citizen of a state other than Delaware or Rhode Island, and UNFI is a citizen of the States of Delaware and Rhode Island, the citizenship of at least one putative class member is different from the citizenship of UNFI, thus satisfying 28 U.S.C. § 1332(d)(2)(A).

### C. The Aggregate Amount In Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.

15. Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

16. To satisfy CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 135 S. Ct. at 554. If Plaintiff "contests, or the court questions" UNFI's assertion in the notice, UNFI must then establish by a reasonable probability that the amount in controversy is satisfied. *See id.*; *see also New Hampshire v. Purdue Pharma,* No. 17-CV-427-PB, 2018 U.S. Dist. LEXIS 3492 at *3 (D.N.H. Jan. 9, 2018).[3] The "reasonable probability" standard is "for all practical purposes identical" to a preponderance of the evidence standard. *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 80 n.13 (1st Cir. 2014). In other words, UNFI need only establish that it is "more likely than not" that the amount in controversy exceeds the jurisdictional requirement. *Khath*, 2016 U.S. Dist. LEXIS 43495, at *7-8 (D. Mass. Mar. 30, 2016) (quoting *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013)).

---

[3] In the event Plaintiff and/or the Court challenges the sufficiency of this Notice of Removal under CAFA, UNFI reserves the right to submit additional supporting evidence as expressly contemplated in *Dart*.

17. The amount in controversy is "what is <u>in controversy</u> in the case," rather than "how much the [putative] plaintiffs are ultimately likely to recover." *Romulus,* 770 F.3d at 80 (emphasis original). The burden of establishing the amount in controversy is not "a heavy one." *Sierra*, 2012 U.S. Dist. LEXIS 140864, at *4. Indeed, courts must avoid "extensive and time consuming litigation over the question of the amount in controversy in CAFA removal cases," and such disputes "should not devolve into a mini-trial." *Romulus*, 770 F.3d at 82 (quoting *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 50 (1st Cir. 2009)).

18. Plaintiff's putative class claims meet the jurisdictional $5,000,000 threshold.[4] In the Complaint, Plaintiff alleges that the members of the putative nationwide class paid a "Fuel Surcharge" which purportedly bore no relation to UNFI's actual fuel costs. *See e.g.,* Compl. ¶ 20. Based on these allegations, Plaintiff purports to allege claims for: (i) violation of Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq. ("CUTPA"); (ii) breach of contract; (iii) unjust enrichment; and (iv) breach of the duty of good faith and fair dealing. *Id.* ¶¶ 32-56.

19. In the Complaint, Plaintiff seeks "the amount of the Fuel Surcharge paid by members of the putative class above . . . costs that are not recovered elsewhere." Compl., Prayer for Relief, ¶ 57. Alternatively, Plaintiff expressly "reserves its right to ***seek the full amount of the Fuel Surcharge***" collected by UNFI from any putative class member in the United States over a six year time period from November 9, 2012 to November 9, 2018. *Id.* (emphasis added).

20. UNFI disputes Plaintiff's characterization of the fuel charges, denies Plaintiff's allegations and claims, denies class certification is appropriate, denies liability, and

---

[4] The estimated amount in controversy set forth in this Notice of Removal is made solely for purposes of establishing that Plaintiff's claims exceed the $5,000,000 jurisdictional threshold. It is not intended and should not be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. UNFI denies liability, denies Plaintiff is entitled to recover any amount, and denies that a class can be certified.

denies that Plaintiff or any member of the putative class is entitled to any damages whatsoever. Without prejudice to UNFI's continued reservation of all its defenses to liability, damages and class certification, UNFI's Senior Director of Financial Planning & Analysis has reviewed UNFI's business records and confirmed that the total amount of fuel charge(s) paid by putative class members during the purported class period exceeds $5,000,000.  Holbrook Dec., Ex. D, at ¶ 5.

21. Thus, the amount in controversy in Plaintiff's putative class action exceeds CAFA's jurisdiction threshold based on the allegations in the Complaint, the evidence submitted by UNFI, and the reasonable inferences derived therefrom. *See* 28 U.S.C. § 1332(d)(2); *see also Composite Co. v. Am. Int'l Grp., Inc.,* 988 F. Supp. 2d 61, 74 (D. Mass. 2013) (Defendants can meet the amount in controversy requirement by "relying on the face of the complaint", alleging facts in notice of removal, or by submitting additional evidence, and the court "need not view the evidence solely in the light most favorable to the plaintiffs.").

22. None of CAFA's discretionary or mandatory exceptions to removal jurisdiction apply here because, less than one third of UNFI's customers are located in Rhode Island. *See* 28 U.S.C. §§ 1332(d)(3)-(d)(4). In any event, "the burden is on the plaintiff to show that an exception to jurisdiction under CAFA applies." *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 78 (1st Cir. 2009) (collecting cases). That burden cannot be carried here.

23. Accordingly, because (i) the putative class exceeds 100 members, (ii) there is minimal diversity between the parties, and (iii) the $5,000,000 amount in controversy is satisfied, this case is properly removable pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453.

## **VENUE IS PROPER IN THIS DISTRICT**

24. Venue is proper in this district under 28 U.S.C. § 1441(a) because the District of Rhode Island is the federal judicial district "embracing" the Rhode Island Superior Court, Providence, County, where this suit was originally filed. *See* 28 U.S.C. § 120.

## **PROCEDURAL COMPLIANCE AND RESERVATION OF RIGHTS**

25. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibits A-C are copies of "all process, pleadings, and orders" received by UNFI in the State Court Action as follows:

Exhibit A: Complaint

Exhibit B: Summons

Exhibit C: Waiver of Service.

26. In accordance with 28 U.S.C. § 1446(d), UNFI will file a copy of this Notice of Removal with the Clerk of the Providence County Superior Court, with a copy of same to Plaintiff's counsel.

27. By filing this Notice of Removal, UNFI does not waive and specifically reserves any and all defenses, exceptions, rights, and motions, including defenses concerning lack of personal jurisdiction. No statement or omission in this Notice shall be deemed an admission of any of the allegations or the damages sought in the Complaint.

WHEREFORE, for the foregoing reasons and authorities and the Declaration submitted herewith, Defendant United Natural Foods, Inc., hereby removes the State Court Action from the Rhode Island Superior Court, Providence County, to the United States District Court for the District of Rhode Island, and respectfully requests that said District Court assume exclusive jurisdiction of this action.

Dated: February 4, 2019

Respectfully submitted,

UNITED NATURAL FOODS, INC.

By Its Attorneys,

/s/ Christian R. Jenner
Christian R. Jenner (#7731)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
Tel: (401) 861-8227
Fax (401) 861-8210
cjenner@psh.com

## CERTIFICATE OF SERVICE

I, Christian R. Jenner, hereby certify that on February 4, 2019, I caused a true copy of the foregoing document to be served by electronic and first class U.S. mail to:

Thomas J. Enright, Esq.
tom@enrightlawoffice.com
696 Reservoir Avenue
Cranston, RI 02910

/s/ Christian R. Jenner
Christian R. Jenner

3484547.2/16153-3