UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTH COUNTRY STORE, individually and on behalf of a class of all persons or entities who are similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED NATURAL FOODS, INC.,<br><br>Defendant. | C.A. No. 1:19-cv-00052-WES-LDA<br><br>**CLASS ACTION** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

COMES NOW the Plaintiff, North Country Store ("North Country") individually and on behalf of a class of all persons or entities who are similarly situated, and files this Class Action Complaint against Defendant, United Natural Foods, Inc. ("UNFI").

**NATURE OF THE CASE**

1. Defendant UNFI is a multinational food distribution company headquartered in Providence, Rhode Island. UNFI markets, sells, and distributes food products to restaurants, healthcare and educational facilities, lodging establishments and other customers like North Country Store. In addition to the amount UNFI charges its customers for the sale and delivery of food products, UNFI charges its customers a fee it calls a "Fuel Surcharge". The term "Fuel Surcharge" has an understood meaning and in using this term, UNFI represents that it charges the Fuel Surcharge to recover its increased fuel costs it incurs in delivering products to its customers. UNFI represents that the Fuel Surcharge varies in accordance with UNFI's increased fuel costs and that the revenue from the Fuel Surcharge is used to offset those increased costs.

2. UNFI's standard form contract that governs its relationship with North Country and

1

every member of the proposed Class provides that "Connecticut law shall govern all terms of this application. Any proceeding relating to this application shall be brought only in court or (*sic*) competent jurisdiction in Rhode Island."

3. UNFI's representations, omissions, and practices in charging the Fuel Surcharge and are deceptive and unfair. The Fuel Surcharge bears absolutely no relation to UNFI's actual increased fuel costs (or their actual fuel costs), and UNFI does not use the proceeds from the Fuel Surcharge to offset their increased fuel costs (or their actual fuel costs). Further, UNFI includes any fuel costs it might incur in delivering its products in the standard prices it charges customers. UNFI uses the Fuel Surcharge simply to generate extra profit at their customers' expense, all the while deceiving customers into believing that the fee is a legitimate charge directly related to actual increased fuel costs it incurs. UNFI's conduct constitutes a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et. seq. (CUTPA).

4. Additionally, UNFI has breached the uniform agreement it enters into with each member of the putative Class (defined below). The form agreement contains a provision stating that "UNFI monitors diesel prices on a regular basis and will only add a fuel surcharge if market conditions dictate."  UNFI has breached the form agreements because it does not charge the Fuel Surcharge according to its actual increased or actual fuel costs. The Fuel Surcharge bears no relationship to such costs, but rather act as hidden price increases which result in North Country and members of the putative Class paying more for services than the agreed-upon amount.

5. Finally, this case presents a prototypical situation for class treatment. UNFI's conduct—including all relevant practices, deception, representations, and omissions—is uniform among all customers. UNFI uses a uniform contract which contains uniform relevant language. The application of Connecticut law, as required by the form agreement with each and every

proposed Class member, to a shared course of conduct will determine liability for the class as a whole, ensuring that the rights of hundreds of small businesses and individuals are vindicated through the efficiency of a single trial.

## JURISDICTION AND VENUE

6.This Court has jurisdiction over this action and venue is proper in this Court. United Natural Foods, Inc. is a Delaware corporation with its principal place of business in Providence, Rhode Island.  UNFI has received and continues to receive substantial revenue and profits from the improper Fuel Surcharge in Rhode Island. North Country's principal place of business is in Jefferson County, New York.  The conduct giving rise to North Country's claims emanates from Rhode Island.  The standard form agreement entered into by North Country and every member of the proposed Class includes a forum provision that places jurisdiction in Rhode Island. North Country's claims and the claims of all Class members arise solely under Connecticut law, and North Country makes no claims under Federal law.

## PARTIES

7.Plaintiff North Country Store is a New York general partnership that does business in Jefferson County, New York.  North Country has paid a "Fuel Surcharge" to UNFI including for invoices dated January 18, 2018 and February 8, 2018.

8.Defendant United Natural Foods, Inc. is a Delaware Entity with its principal place of business in Rhode Island. United Natural Foods, Inc.'s Registered Agent is CT Corporation System, 450 Veterans Memorial Parkway, Suite 7A, East Providence, Rhode Island 02914. United Natural Foods, Inc. received all of the Fuel Surcharges at issue in this matter and is responsible, either directly or indirectly, for the conduct at issue in this matter.

## CLASS REPRESENTATION ALLEGATIONS

9.North Country brings this action as a class action under Connecticut law and

proposes the following Class:

> All persons and entities who reside in the United States who (1) paid fuel surcharges to UNFI at any time during the applicable statute of limitations, and (2) entered into a written contact with UNFI that was in effect at any time from six years prior to the filing of this Complaint through the date of class notice which contains the following provision:
>
> **Fuel Surcharge**
> The price of fuel has a significant impact upon the operating costs of all companies with transportation fleets, and United Natural Foods (UNFI) is no exception. UNFI does not factor fuel costs into the price of our products.
>
> Our policy is to bill a fuel surcharge if the weekly average of retail on-highway diesel prices (as determined by the U.S. Department of Energy) falls within the chart guidelines listed below. UNFI monitors diesel prices on a regular basis and will only add a fuel surcharge if market conditions dictate. The surcharge will be shown as a separate line item at the bottom of your invoice, and will only be billed once for each delivery regardless of the number of orders delivered or dollar amount.

10. Excluded from the proposed Class are any individual or entity currently in bankruptcy, any individual or entity whose obligations have been discharged through bankruptcy, and any judicial officer who presides over this case, and any government entity.

11. North Country maintains the right to create additional subclasses or classes, if necessary, and to revise these definitions to maintain a cohesive class which does not require individual inquiry to determine liability.

12. The exact number of class members is unknown to North Country at this time, but such information can be ascertained through appropriate discovery, specifically from records maintained by UNFI and its agents. Upon information and belief, the number of putative members of each class exceeds 100 persons and entities.

## EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW AND FACT

13. There are common questions of law and fact common and of general interest to the Class. These common questions of law and fact predominate over any questions affecting only individual members of the class. Such common questions include, but are not limited to, the following:

   a. Whether UNFI charges excessive amounts as a Fuel Surcharge.

   b. Whether Fuel Surcharges are directly related to UNFI's increased cost of fuel or actual cost of fuel.

   c. Whether UNFI uses the Fuel Surcharge to offset increased fuel costs.

   d. Whether the Fuel Surcharge bears any relation to UNFI's increased costs of fuel or their actual cost of fuel, and whether the Fuel Surcharge fluctuates as UNFI's fuel costs fluctuate.

   e. Whether the term "Fuel Surcharge" is deceptive.

   g. Whether UNFI has misrepresented facts about the Fuel Surcharge.

   h. Whether UNFI has omitted material facts about the Fuel Surcharge.

   i. Whether UNFI's representations and omissions regarding the Fuel Surcharge are deceptive.

   j. Whether North Country and class members are entitled to class relief as requested herein.

   k. Whether UNFI's Fuel Surcharge program is unfair to its customers.

   l. Whether UNFI's conduct constitutes a violation of the Connecticut Unfair Trade Practices Act.

   m. Whether UNFI breached the standard form contract at issue.

    n. Whether UNFI's Fuel Surcharge program violates the terms of the standard form contract at issue.

    o. Whether North Country and the class members are entitled to class relief as requested herein.

    p. Whether UNFI is recovering for the same alleged cost twice, i.e. once in the actual rate and then again in the actual surcharge or fee.

    q. Whether UNFI has been unjustly enriched.

    r. Whether UNFI breached the duty of good faith and fair dealing.

## TYPICALITY AND NUMEROSITY

14. The claims of the North Country are typical of the claims of the Class. Upon information and belief, the total number of members of each putative class exceeds 100 members and is so numerous that separate joinder of each member is impracticable.

## ADEQUATE REPRESENTATION

15. North Country will fairly and adequately protect the interests of the members of the Class and have no interest antagonistic to those of other class members. North Country has retained class counsel competent to prosecute class actions, and such class counsel is financially able to represent the Class.

## SUPERIORITY

16. The class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the Class is impracticable. The interests of judicial economy favor adjudicating the claims for the Class rather than on an individual basis. The class action mechanism provides the benefit of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

17.     Questions of law and fact predominate over any questions affecting only individual members.

## FACTUAL ALLEGATIONS

18.     UNFI is a large food distribution company.  On occasion, UNFI provides food through delivery to North Country. As with all its customers, UNFI charged North Country certain prices for the food items and delivery.  But in addition to this amount, UNFI also charged North Country a separate fee that it calls a "Fuel Surcharge." UNFI falsely represents that it "does not factor fuel costs into the price of [its] products."

19.     UNFI charges this Fuel Surcharge purportedly to recover the increased fuel costs it incurs in providing disposal service to its customers. By using the term "Fuel Surcharge" UNFI represents that this fee is directly related to their increased fuel costs and that this fee will be used to defray such costs.  UNFI has created a façade based upon the Department of Energy tracked diesel prices, which it uses to further the impression that the Fuel Surcharge is a legitimate fee based upon UNFI's actual cost of fuel.  However, UNFI pays substantially less for its fuel than such DOE index price per gallon.

20.     In actuality, the "Fuel Surcharge" is unrelated to UNFI's actual or increased fuel costs, and certainly not charged to defray those increased costs.  The Fuel Surcharge does not vary or fluctuate in accordance with UNFI's actual increased fuel costs and the method by which UNFI determines the fuel surcharge has no relation to its increased fuel costs or any changes in those costs.  UNFI has done no legitimate analysis to determine the proper amount of the Fuel Surcharge in connection to its increased fuel costs.  UNFI does not apply the money received from the Fuel Surcharge to offset their increased fuel costs; rather, such money is recognized as revenue and contributes directly to UNFI's profit.  Additionally, and despite UNFI's representations, the

increased fuel costs UNFI purportedly recovers through the Fuel Surcharge are already recovered, in whole or in part, through the prices they charge for their food products. These prices include the individual component costs of UNFI's business, including—specifically—the costs of fuel and other overhead.

21. UNFI has also omitted material facts regarding the Fuel Surcharge. For example, UNFI does not disclose that the Fuel Surcharge is not related to UNFI's increased fuel or actual fuel costs, that the Fuel Surcharge is not applied to UNFI's fuel costs, that UNFI's actual cost of fuel is not a factor in the amount of the Fuel Surcharge, and that the Fuel Surcharge is recognized as profit. UNFI does not disclose its actual fuel costs to customers. The "methodology" for determining the amount of the Fuel Surcharge is designed to further the false impression that the Fuel Surcharge reflects UNFI's actual increased fuel costs. In truth, UNFI devised, implemented, and set the amount of the "Fuel Surcharge" simply to increase their profits without any intent of recovering the increased fuel costs it incurs in servicing customers.

22. UNFI, at some time in the past, did not charge Fuel Surcharges to its customers. Any purported fuel costs were recovered in the prices of the food products, the same as other overhead costs. UNFI, however, realized that it could substantially increase revenue by charging these deceptive fees as set out herein.

23. UNFI knows when a customer signs an agreement for the delivery of food products that the customer will pay substantially more than the agreed upon service rate. UNFI does not adequately disclose this fact to its customers. UNFI never discloses that the amount of fees charged to customers substantially exceeds its actual costs, if any.

24. UNFI has consistently and continually misrepresented the nature and purpose of the Fuel Surcharge. UNFI does so to mislead their customers into believing that these are

legitimate fees which are directly related to increased fuel costs UNFI incurs in providing food product delivery. This practice was designed by UNFI to deceive its customers, and is likely to deceive those customers acting reasonably under the circumstances. UNFI's misrepresentations, omissions, and deceptive practices did in fact deceive North Country and UNFI's other customers to their detriment, in that each paid a Fuel Surcharge.

25. UNFI has breached the form contract it entered into with North Country and each member of the proposed Class by charging the excessive and unlawful Fuel Surcharges. North Country entered into a written service agreement with UNFI. This standard, form agreement written by UNFI which is in all relevant ways identical to the agreements UNFI uses to contract with other customers.

26. The agreements provide that UNFI may levy its Fuel Surcharge "if the weekly average of retail on-highway diesel prices (as determined by the U.S. Department of Energy) falls within the chart guidelines . . . ."

27. UNFI has breached the written agreement it has with each member of the Contract Class defined above, including North Country, by collecting excessive and unlawful "Fuel Surcharges." While the form contract requires that UNFI charge such fees "if market conditions dictate" the Fuel Surcharge bears absolutely no relationship to any such actual increased cost UNFI might incur.

28. The "fuel surcharge" is charged based upon Department of Energy statistics. The rate fluctuates as average fuel prices do, but is the same for all Class members for any given month. For a single customer, this can be up to $20 for one delivery trip which might require UNFI driving no more than a few additional miles. Notably, neither the "Fuel Surcharge" rate itself nor the amount of fluctuation in this rate has any connection to UNFI's fuel costs.

29. The "Fuel Surcharge" was not designed to correspond to increases in UNFI's fuel costs. The amount of the "Fuel Surcharge" is arbitrary in that it has no relation to UNFI's increased fuel costs. Further, upon information and belief, UNFI either buys fuel bulk purchases or hedges fuel through derivatives and thus controls its fuel costs to a large extent.

30. In sum, the "Fuel Surcharge" bears absolutely no relationship to UNFI's actual increased fuel costs and the revenue from this fee far exceeds any such increased fuel costs. UNFI neither designed nor charges the "Fuel Surcharge" to proportionately adjust for its increased fuel costs. Thus, UNFI has breached the form contracts which expressly require the "fuel surcharge" to be charged "if market conditions dictate . . . ."

31. Finally, the form agreement contains a choice of law provision, dictating that uniform Connecticut law apply to all Class members' claims.

## FIRST CAUSE OF ACTION
## VIOLATION OF CONNECTICUT'S UNFAIR TRADE PRACTICES ACT

32. All allegations and paragraphs in this complaint are incorporated by reference.

33. Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq. ("CUTPA"), prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a)

34. CUTPA provides: "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages." Conn. Gen. Stat. § 42-110g(a). Under CUPTA, "person" is defined as "a natural person, corporation, limited liability company, trust, partnership, incorporated or unincorporated association, and any other legal entity." Conn. Gen. Stat. Ann. § 42-110a(3). Further, "[p]roof of

public interest or public injury shall not be required in any action brought under this section." Conn. Gen. Stat. Ann. § 42-110g(a).

35. North Country and each member of the putative Class, as "persons" under CUPTA (Conn. Gen. Stat. § 42-110a, et. seq.), have been harmed by UNFI's unconscionable, deceptive, and unfair acts and practices in the charging of the Fuel Surcharge. UNFI characterizes the Fuel Surcharge as a legitimate charge which is designed to recover the increased fuel costs it incurs in providing wholesale food delivery to its customers, and which is used to offset such costs. In truth, the Fuel Surcharge bears no relation to any increased costs nor any actual costs incurred by UNFI and the fee is not used to offset any actual or increased costs. Further, and despite their representations, UNFI already recovers any fuel costs they might incur through the prices UNFI charges for the food products.

36. UNFI characterizes the Fuel Surcharge as legitimate, but this fee is nothing more than profit enhancers for UNFI and are otherwise improper. UNFI has deceived and misled North Country and putative Class members in that the improper fee serves no purpose other than to increase UNFI's profits and because the improper fee is excessive and bears no relation to any actual cost incurred by UNFI. UNFI has performed no actual cost analysis to determine whether the fee actually charged bears any relation to the costs incurred by UNFI. UNFI's misrepresentations, omissions, and deceptive practices as set out in this Class Action Complaint are likely to mislead reasonable customers under the circumstances.

37. Specifically, UNFI's deceptive practices directed toward North Country and putative Class members include:

    a. UNFI's failure to disclose the excessive amount it charges for its Fuel Surcharge;

    b. UNFI's representation that the Fuel Surcharge is directly related to its increased

cost of fuel or actual cost of fuel;

c. UNFI's representation that the Fuel Surcharge is used to offset its increased fuel costs;

d. UNFI's failure to disclose that the Fuel Surcharge does not fluctuate as UNFI's actual fuel costs fluctuate;

e. The representation that the Fuel Surcharge is actually a fuel surcharge;

f. The failure to disclose that the Fuel Surcharge has nothing to do with UNFI's actual cost of fuel;

g. The representation that the Fuel Surcharge is related to UNFI's increased costs of fuel or its actual cost of fuel;

h. The failure to disclose that UNFI actually pays less for fuel than the price per gallon on the DOE index;

i. The failure to disclose that UNFI's actual cost of fuel is not a factor in UNFI's Fuel Surcharge calculation;

j. UNFI's failure to disclose to its customers that it is recovering for the same alleged cost twice, i.e. once in the actual rate and then again in the actual surcharge or fee;

k. UNFI's failure to disclose that the its fuel costs are unrelated to any DOE index;

l. Additional deceptive practices as set out in this Class Action Complaint.

38. UNFI's misrepresentations, omissions, and deceptive practices as set out herein are likely to mislead reasonable consumers under the circumstances.

39. Also, UNFI knows when it enters into an agreement with its customers that it will charge a substantially higher amount on the invoices than the prices agreed upon for the food products. UNFI misrepresents the amount North Country and putative Class members will be

required to pay under the terms of the form agreements.

40. UNFI's actions or inactions directed toward North Country and putative Class members are also unfair. Such actions or inactions include:

    a. North Country and putative Class members paying for the same alleged costs twice.

    b. Paying excessive amounts for the Fuel Surcharge at issue;

    c. Paying for a Fuel Surcharge which bears no relation to UNFI's actual or increased costs;

    d. Paying for the Fuel Surcharge that does not include UNFI's actual costs in the calculation of such fees;

    e. North Country and putative Class members paying this Fuel Surcharge when UNFI's actual costs decrease.

    f. North Country and putative Class members paying the Fuel Surcharge when the Fuel Surcharge is waived for other customers.

41. As a result of the deceptive and unfair practices described above, North Country and each putative Class member paid the improper Fuel Surcharges.

### SECOND CAUSE OF ACTION
### BREACH OF CONTRACT

42. All allegations and paragraphs in this complaint are incorporated by reference.

43. To the extent necessary, this count is pled in the alternative to other counts.

44. North Country and each member of the Class entered into a written agreement with UNFI. North Country and each member of the Class performed on their contract.

45. By charging North Country and each member of the Class excessive and unlawful Fuel Surcharges, UNFI has breached the written contracts at issue.

46. North Country and each member of the Class has been directly and proximately harmed by UNFI's breach of contract in that each paid the Fuel Surcharges.

### THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT

47. All allegations and paragraphs in this complaint are incorporated by reference.

48. To the extent necessary, this count is pled in the alternative to other counts.

49. By paying the excessive Fuel Surcharges at issue, North Country and each member of the Class benefitted UNFI.

50. UNFI unjustly did not provide North Country nor any member of the Class with a benefit in return as the standard prices for the food already recovered any increased or actual fuel costs to UNFI.

51. As a result, the failure of UNFI to provide a benefit was a detriment to North Country and all members of the Class. It would be contrary to equity and good conscience to for UNFI to retain the benefit of the payment by North Country and each and every Class member.

### THIRD CAUSE OF ACTION
### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

52. All allegations and paragraphs in this complaint are incorporated by reference

53. To the extent necessary, this count is pled in the alternative to other counts

54. UNFI was in a contractual relationship with North Country and each and every member of the proposed Class as evidenced by the standard form agreement. North Country and each member of the proposed Class performed on their contract. As with every contract, the duty of good faith and fair dealing was implied in this contract.

55. UNFI specifically failed to charge the amounts allowed pursuant to such agreements by charging an unlawful "Fuel Surcharge." UNFI acted arbitrarily and capriciously. It

failed to fulfill any discretionary duties it might have reasonably and in good faith. UNFI's uniform course of conduct lacks honesty in fact and is inconsistent with the justified expectation that UNFI would charge reasonable amounts directly related to actual refueling and transportation costs. Through its wrongful conduct, UNFI unfairly prevented North Country and each member of the Class from receiving the full benefits of their agreements.

56. North Country and each member of the Class has been directly and proximately harmed by UNFI's breach of the covenant of good faith and fair dealing in that each paid more than agree to through the "Fuel Surcharge."

## PRAYER FOR RELIEF

57. North Country, on behalf of itself and each member of the putative Class, seeks compensatory damages and restitution from UNFI.  Specifically, North Country challenges the Fuel Surcharge as deceptive and unlawful as this fee is not related to the costs which UNFI claims as justification.  Thus, to the extent UNFI can identify any discrete related costs that are not recovered elsewhere, North Country only seeks the amount of the Fuel Surcharge paid by members of the putative Class above such identifiable costs that are not recovered elsewhere.  That is, North Country seeks the excessive portion of the Fuel Surcharge alone.  To the extent that it becomes known through discovery that no such identifiable, discrete costs that are not recovered elsewhere exist, North Country reserves its right to seek the full amount of the Fuel Surcharge at that time. But, as of the date of filing this complaint, North Country seeks only the excessive portion of the Fuel Surcharge as determined by comparing the Fuel Surcharge revenue to the discrete costs not recovered elsewhere that UNFI identifies as justifying the Fuel Surcharge.  Further, North Country on behalf of itself and (to the extent necessary) on behalf of each member of the putative Class, does not seek punitive damages, attorney's fees, or prospective injunctive relief.

**Plaintiff requests a trial by jury.**

                                                         NORTH COUNTRY STORE

                                                         By Its Attorney

                                                       ENRIGHT LAW LLC

                                                       */s/ Thomas J. Enright*
                                                       Thomas J. Enright (#7356)
                                                       696 Reservoir Avenue
                                                       Cranston, RI 02910
                                                       (401) 526-2620
                                                       tom@enrightlawoffice.com

DATED: February 7, 2019

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 7th day of February, 2019, I filed the foregoing Plaintiff's First Amended Class Action Complaint via the CM/ECF system. Accordingly, a true and accurate copy of the foregoing has been served upon all counsel of record in this case

                  */s/ Thomas J. Enright*
                  Thomas J. Enright (#7356)
                  696 Reservoir Avenue
                  Cranston, RI 02910
                  (401) 526-2620
                  tom@enrightlawoffice.com