**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NORTH COUNTRY STORE, individually and on behalf of a class of all persons or entities who are similarly situated, | |
| Plaintiff, | C.A. No. 1:19-cv-00052-WES-LDA |
| v. | **CLASS ACTION** |
| UNITED NATURAL FOODS, INC., | |
| Defendant. | |

**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**
**AND CONDITIONAL CLASS CERTIFICATION**

Plaintiff moves this Court to enter an Order conditionally certifying a class, for purposes

of settlement only, and preliminarily approving the Settlement Agreement[1] between the parties.

Plaintiff has consulted with Defendant, who does not oppose this motion for the sole purpose of

effecting the settlement. For the reasons shown below, the settlement is fair, reasonable, and

adequate and the settlement class may be properly certified.

**I.     Introduction**

Plaintiff is a small business in New York that pursued a putative class action against United

Natural Foods, Inc. ("UNFI") based upon Fuel Surcharges ("the fees") UNFI charged Plaintiff and

other customers in connection with the delivery of food products. Plaintiff alleges that UNFI

violated the Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. § 42-110a, et seq.) because

the Fuel Surcharges were purportedly unrelated to UNFI's actual or increased fuel costs and UNFI

made misrepresentations about—and did not disclose—the true nature and purpose of the Fuel

---

[1] The Settlement Agreement and its accompanying exhibits are attached as Exhibit A.  The
proposed Preliminary Approval Order is attached as Exhibit B.

Surcharges. Plaintiff also alleged that the Fuel Surcharges breached the form contracts at issue and was unjustly enriched. UNFI vigorously contests and denies that it did anything wrong, and contends that its charging and collection of Fees has always been lawful, proper, customary, and enforceable.

This litigation was pursued aggressively. Disputes over removal jurisdiction were briefed. Documents were searched for, produced, and reviewed by the Parties in assessing the jurisdictional issues in this case. The Parties' counsel also attended an in-person, in-chambers status conference with the Court regarding the jurisdictional issues and the amount in controversy potentially at issue in the case.   In sum, through their efforts to date, the Parties are well-versed in the facts of this case and well-equipped to reasonably evaluate the benefits of settlement and the risks and costs of continued litigation.

After lengthy arm's length negotiation, in October of 2019 the Parties agreed to mediate before Hon. James R. Epstein (Ret.), a former judge of more than 15 years' experience with a wealth of experience in settling class actions, and specifically fuel surcharge class actions such as this. Judge Epstein has successfully resolved many complex actions, including class actions involving similar claims against UNFI's competitors. The Parties exchanged focused discovery in preparation for the mediation and were well-equipped to evaluate the issues and damages involved. As a result of this mediation, the settlement represented by the Settlement Agreement reflects Judge Epstein's substantial input and communications with the parties during the lengthy mediation. After agreeing to the relief to the class, the Parties engaged in further negotiations to draft and finalize the settlement agreement and related documents that would give effect to this relief. Ultimately, these negotiations and mediation resulted in the execution of the attached

2

Settlement Agreement, which sets forth the details of the settlement and is submitted to the Court herewith. (*See* Settlement Agreement, Ex. A).

Plaintiff's counsel has extensive experience in cases such as this, and has conducted the discovery and investigation necessary to make an informed evaluation of the proposed settlement. Plaintiff's counsel is of the opinion that the proposed settlement is in the best interest of the class and provides valuable relief in the form of a settlement fund of $1,850,000. The structure, notice, claims procedure, and relief established in this settlement ensure that it is well-within the bounds of what is fair, reasonable and adequate, that notice is correct under Federal Rule of Civil Procedure 23(c)(2), and that the proposed Settlement Class meets all the requirements for certification for purposes of settlement under Federal Rule of Civil Procedure 23(b). Plaintiff also submits that preliminary appointment of the firms of Price Armstrong, LLC and Enright Law LLC as class counsel is appropriate under Federal Rule of Civil Procedure 23(g).

## II.    Conditional Certification Of The Settlement Class Is Appropriate

Plaintiff respectfully seeks, and UNFI does not oppose, conditional certification of the Settlement Class. In order for the Parties to provide notice of the settlement and give effect to the settlement, certification for settlement purposes is necessary. *See, e.g.,* Fed. R. Civ. P. 23(e); *Medoff v. CVS Caremark Corp.*, No. 09-CV-554-JNL, 2016 WL 632238, at *1 (D.R.I. Feb. 17, 2016) (class preliminarily approved for settlement purposes); *Trombley v. Bank of Am. Corp.*, No. 08-CV-456-JD, 2013 WL 5153503, at *9 (D.R.I. Sept. 12, 2013) (class "certified for purposes of settlement only"). Certification allows for notice of the terms of the settlement, the right to be heard, the right to opt out, and the time and place of final approval to be provided to the Settlement Class.

Certification of a class is left to the broad discretion of the trial court. *Medoff*, 2016 WL 632238, at *2. Findings by the Court in certifying a class action cannot be disturbed unless there is a showing of abuse of discretion. *Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 37 (1st Cir. 2003) (*citing Califano v. Yamasaki*, 442 U.S. 682, 703 (1979)). In exercising this discretion, courts recognize the "strong judicial policy favoring settlement" and are informed by the "realization that compromise is the essence of settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *see also, Ryan v. Roman Catholic Bishop of Providence,* 941 A.2d 174, 187 (R.I. 2008) (discussing "the venerable judicial policy of encouraging settlement"). Courts have long recognized class actions as an essential device to resolve disputes involving similar factual or legal issues. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). The interests favoring settlement are particularly supportive of class action settlements, given the inherent costs, delays, and risks involved in such complex litigation. *See, e.g.*, *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 36 (1st Cir. 2009) (noting as an "important concern[] facilitating a settlement in a hard-fought, complex class action" and *citing Durrett v. Housing Auth.*, 896 F.2d 600, 604 (1st Cir.1990) as "recognizing a policy encouraging class action settlements")); *In re U.S. Oil & Gas Litig.,* 967 F.2d 489, 493 (11th Cir. 1992) ("Public policy strongly favors the pretrial settlement of class action lawsuits").

The elements for class certification for settlement purposes are the same for certification that is opposed, although courts recognize that issues that may arise during a contested certification are not relevant. *Amchem Products, Inc.*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems…for the proposal is that there be no trial."). Here, Plaintiff seeks—and UNFI does not oppose—certification of a Settlement Class defined as:

all customers in the United States that paid Defendant one or more of the Fees at any time within the Class Period.[2]

Plaintiff seeks certification of this class under Rule 23(a) and (b)(3). Rule 23(a) provides that certification is appropriate where:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b)(3) provides that certification is appropriate where, additionally:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). Plaintiff will show that each requirement for conditional certification of the Settlement class is easily met here for settlement purposes.

### A.    The Settlement Class Is Numerous

There is no set number of plaintiffs that results in joinder being impracticable, but an oft-cited benchmark is that class treatment is appropriate when the class exceeds forty members. *See,*

---

[2] The Class Period November 9, 2012 through and including the date 30 days after the entry of the Preliminary Approval Order. Excluded from the Settlement class are: (1) any individual or entity currently in bankruptcy, (2) any individual or entity whose obligations were discharged in bankruptcy, (3) any judicial officer who has presided over the Litigation, and (4) Whole Foods Market, Inc.

*e.g.* Newberg on Class Actions § 3:12 (5th ed.). "The fact that the exact number of the class cannot be enumerated does not bar certification. The scope and nature of th[e] litigation and the plaintiffs' class allegations on information and belief" can be sufficient. *Lund v. Affleck*, 388 F. Supp. 137, 139–40 (D.R.I. 1975); *see also Miles v. Am. Online, Inc.*, 202 F.R.D. 297, 302 (M.D. Fla. 2001) ("reasonable and supported estimates" are sufficient). Ultimately, numerosity is established where "common sense assumptions" establish that joinder would be impracticable. G*ordon v. Corp. Receivables*, No. C.A. NO. 09-230S, 2010 WL 376386, at *2 (D.R.I. Jan. 27, 2010) (citations omitted); *see also Kinney v. Metro Glob. Media, Inc.,* No. CIV.A. 99-579 ML, 2002 WL 31015604, at *3 (D.R.I. Aug. 22, 2002) ("numerosity can be assumed where the number of shares traded is so great that common sense dictates the class is very large.") (*quoting Grace v. Perception Technology Corp.*, 128 F.R.D. 165, 167 (D.Mass.1989)).

Here, joinder is impracticable if not impossible, and numerosity is established. UNFI has tens of thousands of customers nationwide, and evaluation of customer data from UNFI's billing and financial system indicates that the Settlement Class has more than 50,000 members. Class size clearly favors conditional certification.

**B.    Common Questions of Law And Fact Exist**

Federal Rule of Civil Procedure 23(a)(2) requires that there be either questions of law or fact common to the class. This is not a high threshold; not all questions need be common to all class members and a single common question will satisfy this requirement. *See, e.g., United States v. Rhode Island Dep't of Employment Sec.*, 619 F. Supp. 509, 513 (D.R.I. 1985) ("individual differences" do not bar certification); *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 296 (1st Cir. 2000) ("the correct rule[ is] that possible differences in the application of a statute of limitations to individual class members ... does not preclude certification") (internal quotation

marks and citations omitted); *Carriuolo v. Gen. Motors Co.,* 2016 WL 2870025, at *3 (11th Cir. May 17, 2016).

Here, the commonality requirement is clearly satisfied for settlement purposes because Plaintiff and each member of the Settlement Class paid the fees at issue under the same fee programs, calculated to similar if not identical methodology, and charged under the same or similar terms. Plaintiff contends that these common practices violated statutory and contractual common law and were deceptive. Thus, common issues of fact and law—including if UNFI's fee programs are unlawful and if the resulting fees were excessive—pervade the Settlement Class.

### C.     Plaintiff's Claims Are Typical

Typicality focuses on the nature of the claims of the class representative, not the specific facts giving rise to those claims. Fed. R. Civ. P. 23(a)(3). While commonality refers to the shared characteristics of the class, typicality refers to the class representative's claims in relation to the claims of the class. *Van W. v. Midland Nat. Life Ins. Co.*, 199 F.R.D. 448, 452 (D.R.I. 2001) ("typicality requirement is designed to insure that the claims of the purported class representative are sufficiently similar to the claims of the class members, as a group, that prosecution of the class representative's case will benefit the entire class"). Where a class representative's claims arise "from the same course of conduct and is based on the same legal theory as the claims of the class as a whole . . ." typicality is met. *Id*.

However, typicality does not require identical claims or interests; the question is whether any factual differences are so great as to render the class representative's interests antagonistic to those of the class "such that the interests of the class are placed in significant jeopardy." *Walco Invs., Inc. v. Thenen*, 168 F.R.D.315, 326 (S.D. Fla. 1996).  If the claims "are based on the same

legal or remedial theory, differing fact situations of the class members do not defeat typicality."

*Adamson v. Bowen,* 855 F.2d 668, 676 (10th Cir.1988).

Here, each of Plaintiff's claims is based on the same legal theory and same conduct as those

of the Settlement Class. It alleges it was charged the same fees, under the same fee programs and

fee terms as the other members of the Settlement Class. Thus, Plaintiff and each member of the

Settlement Class allege to have been harmed in the same way: by paying fees which Plaintiff

maintains were excessive. The only differences between Plaintiff and Settlement Class members

are in the amount, not type, of damages under the common remedial theory of recovery. *See, e.g.,*

*United States v. Rhode Island Dep't of Employment Sec.*, 619 F. Supp. at 513 ("typicality [is]

adequately met even without complete identity of damage sustained").

Because Plaintiff and the Settlement Class assert the same legal theories, and seek the same

type of relief for the same injury, the Named Plaintiff's interests are materially identical to those

of the proposed Settlement Class. Typicality is easily met here.

### D.    Plaintiff Will Adequately Protect The Interests Of The Settlement Class

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between

named parties and the class they seek to represent . . . . It also involves consideration of the

competency and conflicts of class counsel." *Caranci v. Blue Cross & Blue Shield of Rhode Island*,

No. C.A. 96-275L, 1999 WL 766974, at *14 (D.R.I. Aug. 19, 1999), *report and recommendation*

*adopted,* 194 F.R.D. 27 (D.R.I. 2000) (*quoting AmChem Products, Inc.,* 521 U.S. at 625 ). Here,

first, no substantial conflict exists between Plaintiff and the proposed Settlement Class they seek

to represent. Plaintiff shares the same interests and seeks the same relief as all absent class

members; no class member has an interest in not recovering the damages sought, and, if Plaintiff

succeeds, the benefits will be shared. The settlement is a product of arm's length, extensive

negotiations between experienced counsel, overseen by a highly regarded mediator. Second, Plaintiff's counsel has extensive experience prosecuting class actions and other complex litigation (including litigation very similar to this case which was successfully resolved on a class basis).[3] Plaintiff and its counsel have significant experience with the practices challenged in this case, have evidenced a more-than-adequate willingness and level of involvement through the diligent prosecution of this litigation, and are well-equipped to evaluate the appropriateness of the settlement. As such, the interests of the Settlement Class are more than adequately represented by Plaintiff and its counsel in this case and the requirements of Rule 23(a)(4) are satisfied.

E.      **Common Issues Predominate And Superiority Exists**

In addition to the four criteria under Rule 23(a), the requirements of 23(b) also must be satisfied in that common questions of law or fact predominate over individual questions, and in that a class action is superior to other available methods of adjudication. As explained above, the claims of the Plaintiff and the Settlement Class members arise from UNFI's alleged fee practices, and in particular the calculation, assessment, and collection of the fees. The focus of such claims is on UNFI's contracts and fee practices. Plaintiff alleges that these common fee practices give rise to the same liability common to Plaintiff and Settlement Class members' claims. Accordingly, Plaintiff contends the claims of the Settlement Class arise from a similar nucleus of operative facts and involve questions of law common to all class members.

---

[3] Plaintiff's counsel have served as counsel in multiple putative and certified class actions, including: *Grilling the Dream, Inc. et al. v. Sysco Corporation*, Case No. 17-cv-1192-1 (Superior Court of Dougherty County, Georgia); *Hunters Run Apartments, LTD et al. v. WCA Waste Corporation, et al.*, Case No. 1:15-cv-151 (N.D. Fla.); *In & Out Welders, Inc. v. Sunbelt Rentals, Inc.*, Case No. 7:16-cv-04021 (D.S.C.); *Whitton v. Deffenbaugh Disposal Inc.,* Case No. 12-2246-CM (D. Kan.); *Danny Lynn Electric & Plumbing et al. v. Veolia ES Solid Waste Southeast, Inc. et al.*, Case No. 2:09-cv-192-MHT (M.D. Ala.).

Moreover, because certification is being sought as part of a settlement, the Court does not "need to inquire whether the case, if tried, would present intractable management problems...for the proposal is that there be no trial." *Amchem Products Inc.,* 521 U.S. at 620.  As there is no trial, but rather meaningful, fair, and reasonable relief being provided to all class members from a common Settlement Fund pursuant to a single distribution methodology, any individual liability or damages issues that might have occurred at trial are moot. Accordingly, the common liability questions here are more than sufficient to satisfy the predominance requirement of Rule 23(b) for certification for settlement purposes of the Settlement Class.

Finally, the proposed resolution by settlement on behalf of a Settlement Class also satisfies the superiority requirement. Trying the individual claims of thousands of class members in venues across numerous states would be incredibly costly. Given the costs of pursuing individual actions and the relatively small amounts at stake for most class members, settlement class members have little interest in individually controlling the prosecution of separate actions; as evidenced by the fact that Plaintiff is aware of no other similar cases that have been filed against UNFI to date. And, importantly, to the extent there are potential Settlement Class members who may want to pursue their own claims regarding these alleged practices, they have the opportunity to opt out of the settlement and to not be bound by the settlement. Finally, the interests of efficiency and the administration of justice for the Parties and for the judicial system are advanced by proceeding as a single case resolved by class-wide resolution.

Accordingly, certification of the Settlement Class is appropriate under Rule 23(b).

**F.    UNFI's Position.**

As set out in the Settlement Agreement and its Answer and Affirmative Defenses to the operative Complaint, UNFI denies all allegations of wrongful conduct and damages, denies

10

liability to Plaintiff or the putative classes, asserts that its conduct and practices are lawful and proper, and asserts numerous procedural and substantive defenses to Plaintiff's claims, and further denies that this litigation satisfies the requirements to be tried as a class action under the state and/or federal rules and requirements for class certification.  In the absence of the Settlement Agreement, UNFI would continue to vigorously oppose the permissibility of court actions, class certification and any liability for the named Plaintiff's claims on the merits.

## III.    Preliminary Approval Of The Settlement Is Appropriate

Preliminary approval of a proposed settlement is the first of a two-step process necessary to settle a class action. At preliminary approval, "the judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing." *Manual for Complex Litigation, Fourth*, § 13.14, at 173 (2004). During this preliminary evaluation, the Court may examine the submitted materials and determine whether the proposed settlement appears fair, reasonable, and adequate on its face. *See, e.g.,* Fed. R. Civ. P. 23(e)(2); *Del Sesto v. Prospect Chartercare*, LLC, No. CV 18-328 WES, 2019 WL 2162083, at *1 (D.R.I. May 17, 2019); see also Fed. R. Civ. P. 23(e)(1)(A)("The parties must provide the court with information sufficient to enable it to determine whether to give notice to the class.").  Notice is appropriate when "the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

Courts have broad discretion to approve class action settlements. *Medoff*, 2016 WL 632238, at *2 ("The decision to certify a class is within this court's broad discretion."). In exercising this discretion, courts recognize the "strong judicial policy favoring settlement" and are informed by the "realization that compromise is the essence of settlement." *Bennett*, 737 F.2d at 986. Courts have long recognized class actions as an essential device to resolve disputes involving

similar factual or legal issues. *Amchem Prods., Inc.*, 521 U.S. at 617. The interests favoring settlement are particularly supportive of class action settlements, given the inherent costs, delays, and risks involved in such complex litigation. *See, e.g., In re U.S. Oil and Gas*, 967 F.2d at 493 ("Public policy strongly favors the pretrial settlement of class action lawsuits"); *Hillis v. Equifax Consumer Servs., Inc*., 2007 WL 1953464, at *9 (N.D. Ga. June 12, 2007) ("When exercising its discretion, the court is mindful of the public and judicial policies that strongly favor the settlement of class action lawsuits").

If the Court grants preliminary approval, it directs notice to the class members (as discussed below) and sets a hearing date for a final determination on whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1). "At the preliminary approval stage, however, a less rigorous standard applies: the Court need only determine whether the settlement appears to fall within the range of possible final approval." *Del Sesto*, 2019 WL 2162083, at *1 (D.R.I. May 17, 2019).

Accordingly, a court should ordinarily grant preliminary approval of a settlement where it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible [judicial] approval." Rubenstein, *Newberg on Class Actions* (5th Ed.) §13.13 (2015) (*quoting* Manual for Complex Litigation*,* Second, §30.44). A settlement that is the result of arm's-length negotiations by class counsel is presumed to be fair and reasonable. *See* 4 Newberg on Class Actions § 11:41 (4th ed.); *see also Del Sesto*, 2019 WL 2162083, at *1 (preliminary approval appropriate where the settlement "appears to have been negotiated at arm's length by highly experienced and informed counsel").

The proposed settlement in this case bears all the hallmarks of both procedural and substantive fairness such as to warrant preliminary approval and notice to the Settlement Class. First, the Settlement Agreement was the product of extended, arm's length negotiations and protracted mediation. The Parties participated in a day-long mediation before Hon. James R. Epstein. Judge Epstein has overseen numerous class action mediations and settlements that have been granted court approval, including settlements involving similar allegations related to fuel surcharges. Resolution was only reached after lengthy negotiation and through mediation.

Moreover, the settlement was reached only after zealous adversarial litigation. The Parties are each represented by experienced counsel who were well-versed in similar litigation and who, by virtue of the intensive litigation to date and their experience, understand the risks of continued litigation and the benefits of the Settlement Agreement. Plaintiff and all other Settlement Class members participate in the settlement according to a single standard, objective formula which ensures that each class member is returned a fair share of their damages, particularly given the risks and delay of continued litigation. In short, there is nothing about the proposed settlement that remotely suggests that it might be the product of collusion.

Second, the Settlement Agreement provides for a $1,850,000 settlement fund from which Settlement Class claimants will receive cash payments. The parties have a significant dispute as to the amount at issue in this case. UNFI contends that because its fuel expenses exceed its fuel surcharge revenue, there are no damages, regardless of any alleged liability (which UNFI also contests). Plaintiff argues that because UNFI's fuel surcharge program was not designed to recover its increased costs, damages exist regardless of whether UNFI's fuel surcharge revenue exceeds its fuel costs or not. Plaintiff has a variety of damage models it could employ, but its more conservative damage model yields a damages figure of $9,000,000. Because Defendant contends

that the actual damages are $0, this settlement is over 20% of the mean of the parties' positions.

Further, the relief obtained for the class is consistent with the relief obtained for customers of

UNFI's primary competitors in class action settlements that obtained court approval.  The relief

afforded by the settlement is clearly within the range of what is reasonable and fair.

This is particularly true when these immediate and certain benefits are compared to the

obstacles that remain to a successful resolution of the litigation. UNFI has always vigorously

denied liability—including the existence of any damages at all—and that Plaintiff's claims can be

certified in an adversarial context. The Court has not ruled on any dispositive motions, and UNFI

remains confident of its chances of success. Were Plaintiff able to survive summary judgment and

obtain class certification, including any appellate issues, final resolution of Plaintiff's claims by

court trial would likely still take years. Added to the risks and delay of resolution aside from

settlement must be the risk that the award by a court or jury is closer to UNFI's damages analysis

than Plaintiff's damages analysis. Continued litigation through trial and appeal would also

invariably reduce the ultimate relief to the class through the costs of that litigation, including

significant expert fees.

The proposed settlement is the product of hard-fought negotiation and represents valuable

relief to the Settlement Class. Plaintiff respectfully submits that preliminary approval, and thus the

authorization to provide notice, is appropriate.

## IV.    The Proposed Notice Is The Best Notice Practicable

The Parties have agreed to a comprehensive notice plan that satisfies the requirements of

Rule 23 and due process. Rule 23(c)(2)(B) provides that "the court must direct to class members

the best notice that is practicable under the circumstances, including individual notice to all

members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2). Rule

14

23(c)(2)(B) also provides that notice shall "clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses: (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." *Id.*

Plaintiff respectfully requests that the Court approve the notice plan agreed to by the Parties and set forth in the Settlement Agreement.  This notice plan provides for direct notice to class members by sending the Short Form Notice (Exhibit A to the Settlement Agreement) through email and direct mail (for class members where email addresses are not maintained in UNFI's records). The Short Form Notice contains all the information required by Rule 23(c)(2) and is clear and easily understood. UNFI has agreed to retain a well-respected and experienced national administrator that has successfully overseen the administration of similar class settlements on a nationwide basis, to carry out the notice and administration of this settlement.

The settlement administrator will also establish and maintain a class settlement website. The website will contain all important settlement documents, including the Settlement Agreement, a long form notice (Exhibit B to the Settlement Agreement) that contains all the information in the short form notice as well as additional information regarding the settlement and class members' rights, allows class members to submit claims online, and provides no-cost avenues for class members to seek additional information or answers to questions not addressed on the website or in the notices.

In sum, the notice plan and notice documents contemplated by the Settlement Agreement go beyond the notice required by Rule 23(c) and ensure that adequate notice is provided to the Settlement Class of this proposed settlement.

**V.     Preliminary Appointment of Price Armstrong, LLC and Enright Law LLC As Class Counsel Is Appropriate.**

Plaintiff also respectfully requests that the Court preliminarily appoint Price Armstrong, LLC and Enright Law LLC as class counsel for the proposed Settlement Class. Court's in this District commonly enter such preliminary appointments in the event of class action settlements. *See, Del Sesto*, 2019 WL 2162083, at *1; *Medoff*, 2016 WL 632238, at *1 (D.R.I. Feb. 17, 2016). Under Federal Rule of Civil Procedure 23(g)(2) the court appoints class counsel when "the applicant is adequate under Rule 23(g)(1) and (4)." In this case, Price Armstrong, LLC is more than adequate under those standards.

Rule 23(g)(1)(A) directs the Court to consider:

(i)     the work counsel has done in identifying or investigating potential claims in the action;

(ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)   counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing the class . . .

Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). In addition to these factors, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . ." Fed. R. Civ. P. 23(g)(1)(B). Rule 23(g)(4) generally reinforces that "[c]lass counsel must fairly and adequately represent the interests of the class. In this case, all of these factors militate toward the appointment of Price Armstrong, LLC.

16

Years before the initiation of this case, Price Armstrong, LLC began investigating potential claims involving fuel surcharges. This involved much factual research reviewing relevant invoices and contracts and also in-depth legal research surrounding potential claims, litigation venue and which law would apply. Additionally, as more fully laid out above, Price Armstrong, LLC has vast experience in class actions such as this, including serving as class counsel in several certified and putative class actions involving fuel surcharge claims very similar to those here. *See*, *Supra*, at 9, n. 3. This experience, along with the deep research involved in this case, has given Price Armstrong, LLC—specifically its principals Oscar M. Price, IV and Nicholas W. Armstrong—a comprehensive knowledge of the applicable law in this case. To back up this experience and knowledge, Price Armstrong, LLC has already expended significant resources in this litigation including all filing fees, fees related to document review, expenses in discovery including depositions, mediation costs, and other expenses in pursuing this settlement on behalf of the class. In addition to these already-expended resources, Price Armstrong, LLC is committed to seeing this litigation through to its conclusion and is prepared to expend whatever sums necessary to achieve relief for the class.

The meaningful relief reflected in the Settlement Agreement also reflects Price Armstrong's ability to fairly and adequately represent the class. As more fully described above, Price Armstrong, LLC—through Mr. Price and Mr. Armstrong—litigated this matter; took part in an arms-length mediation; and was able to secure a meaningful settlement. In sum, Price Armstrong, LLC is able to, and indeed has, adequately and fairly represent the interests of the proposed Settlement Class. Therefore, Plaintiff submits that preliminary appointment of Price Armstrong, LLC as class counsel is appropriate.

## CONCLUSION

For the reasons set out above, Plaintiff respectfully requests that the Court grant this Motion and enter the unopposed Preliminary Approval Order attached hereto as Exhibit B, which will conditionally certify the Settlement Class, grant preliminary approval of the Settlement, authorize Notice to the Settlement Class, and preliminarily appoint Price Armstrong, LLC as class counsel.

NORTH COUNTRY STORE

By Its Attorneys

ENRIGHT LAW LLC

*/s/ Thomas J. Enright*
Thomas J. Enright (#7356)
696 Reservoir Avenue
Cranston, RI 02910
(401) 526-2620
tom@enrightlawoffice.com

PRICE ARMSTRONG, LLC

*/s/ Oscar M. Price, IV*
Oscar M. Price, IV (*pro hac vice*)
2226 1st Avenue South
Suite 105
Birmingham, AL 35233
(205) 208-9504
oscar@pricearmstrong.com

DATED: February 18, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2020, I filed the foregoing via the CM/ECF system. Accordingly, a true and accurate copy of the foregoing has been served upon all counsel of record in this case:

Christian R. Jenner (#7731)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
Tel: (401) 861-8200
Fax (401) 861-8210
cjenner@psh.com

And

R. Eric Bilik (Admitted *Pro Hac Vice*)
FL Bar No. 0987840
Email: ebilik@mcguirewoods.com
Email: jaiken@mcguirewoods.com
R. Patrick Dover (Admitted *Pro Hac Vice*)
FL Bar No. 0071697
Email: pdover@mcguirewoods.com
Email: jaiken@mcguirewoods.com
McGUIREWOODS LLP
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
Telephone:  (904) 798-3200
Facsimile:  (904) 798-3207

Attorneys for Defendant


*/s/ Thomas J. Enright*
Thomas J. Enright (#7356)
696 Reservoir Avenue
Cranston, RI 02910
(401) 526-2620
tom@enrightlawoffice.com

19