UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTH COUNTRY STORE, individually and on behalf of a class of all persons or entities who are similarly situated, | |
| Plaintiff, | C.A. No. 1:19-cv-00052-WES-LDA |
| v. | **CLASS ACTION** |
| UNITED NATURAL FOODS, INC., | |
| Defendant. | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

Plaintiff, without objection from Defendant, has made application for an order approving the settlement of this litigation, in accordance with the Settlement Agreement which, together with its exhibits, sets out the terms and conditions of the proposed settlement and notice to the Settlement Class. Having reviewed the filings and conducted a hearing to consider the same, it is,

HEREBY ORDERED:

1. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for purpose of effectuating the settlement only, the following Settlement Class:

all customers in the United States that paid Defendant one or more of the Fees at any time within the Class Period.[1]

2. With regard to the Settlement Class, the Court preliminarily finds that (a) the members of the Settlement Class are so numerous that joinder is impracticable, (b) there are

---

[1] The Class Period is defined as November 9, 2012 through and including the date 30 days after the entry of the Preliminary Approval Order. Excluded from the Settlement class are: (1) any individual or entity currently in bankruptcy, (2) any individual or entity whose obligations were discharged in bankruptcy, (3) any judicial officer who has presided over the Litigation, and (4) Whole Foods Market, Inc.

questions of law and fact common to the Settlement Class which predominate over any individual questions, (c) the claims of the named Plaintiffs are typical of those of the Settlement Class, (d) the named Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the members of the Settlement Class; and (e) a class action is superior for the fair and efficient adjudication of this consolidated litigation through settlement.

3. The Court appoints North Country Store as representative of the Settlement Class.

4. The Court preliminarily appoints Oscar M. Price, IV and Nicholas W. Armstrong, and their firm Price Armstrong, LLC, and Thomas J Enright of Enright Law LLC as Class Counsel for the Settlement Class.

5. The Court grants preliminary approval to the Settlement Agreement as the product of informed, non-collusive negotiations, without obvious deficiencies, which falls within a reasonable range.

6. The Court approves, as to form and content, the notice plan to the Settlement Class proposed in the Settlement Agreement and its exhibits, and finds that this notice is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to the members of the Settlement Class.

6. Any Settlement Class Member may request to be excluded from the Settlement Class. Such requests for exclusion must be received Settlement Administrator, Class Counsel, and Defendant's Counsel on or before 21 days before Final Fairness Hearing and must otherwise comply with the requirements set forth in the Class Notice documents and Settlement Agreement. If the Court grants final approval of the Settlement Agreement and enters final judgment, all members of Settlement Class who have not submitted valid requests for exclusion shall be bound by the Final Judgment.

7. The Final Fairness Hearing shall be held before this Court at __**2:00 p.m.**__ on __**Monday, August 10, 2020**__ at the Federal Building and Courthouse, Providence, Rhode Island, to determine whether the final settlement of this litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate.

8. Any member of the Settlement Class who wishes to object to the settlement may do so by filing a written objection with the Court and delivering a copy to counsel on or before 21 days before Final Fairness Hearing and must otherwise comply with the requirements set forth in the Class Notice documents and Settlement Agreement. No objector shall be heard and no objection shall be considered unless it complies with these requirements. The Court may impose additional requirements on objectors as it deems necessary or appropriate, including the posting of bond and providing of testimony or other discovery.

9. Members of the Settlement Class may appear at the Final Fairness Hearing, at their own expense, individually or through counsel of their choice, by complying with the notice provisions set forth in the Class Notice documents and Settlement Agreement. If they do not enter an appearance, they will be represented by Class Counsel. If the Court grants final approval of the Settlement Agreement and enters final judgment, all members of the Settlement Class who have not given appropriate notice of their intent to appear individually in accordance with the procedures outlined in the Class Notice documents and Settlement Agreement shall be deemed to have waived their right.

10. All filings in support of Final Approval and the distribution of attorney's fees and expenses, and class representative incentive awards, shall be filed and served no later than seven days before the Final Fairness Hearing.

_/s/ William E. Smith_
Hon. William E. Smith
Date: March 31, 2020

3