**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NORTH COUNTRY STORE, individually and on behalf of a class of all persons or entities who are similarly situated, | |
| Plaintiff, | C.A. No. 1:19-cv-00052-WES-LDA |
| v. | **CLASS ACTION** |
| UNITED NATURAL FOODS, INC., | |
| Defendant. | |

**JUDGMENT AND ORDER GRANTING
FINAL APPROVAL OF SETTLEMENT AND CLASS CERTIFICATION
FOR SETTLEMENT, AWARD OF ATTORNEYS' FEES, REIMBURSEMENT
OF EXPENSES, AND CLASS REPRESENTATIVE INCENTIVE AWARDS**

Pending before the Court is Plaintiff North Country Store's ("Plaintiff") Unopposed Motion for Final Approval of Settlement, and Class Certification for Settlement (ECF No. 24) (the "Motion"). Defendant United Natural Foods, Inc. ("Defendant") does not oppose this Motion. A Fairness Hearing was held on Monday, August 10, 2020 at 2:00 p.m. via Zoom Videoconferencing. Upon review of the pleadings and papers filed in this action, and good cause appearing, the Court GRANTS the Motion, APPROVES the settlement and class certification for settlement, and ENTERS final judgment as follows:

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. With regard to the Settlement Class, the Court finds that: (a) the members of the Settlement Class are so numerous that joinder is impracticable, (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions, (c) the claims of the named Plaintiff are typical of those of the Settlement Class, (d) the named Plaintiff and its counsel have fairly and adequately represented and protected the interests of the members

of the Settlement Class; and (e) a class action is superior for the fair and efficient adjudication of this consolidated litigation through class settlement.

2.        Therefore, pursuant to Federal Rule of Civil Procedure 23, the Court grants final class certification the following Settlement Class:

> All customers in the United States that paid Defendant one or more of the Fees at any time within the Class Period.[1]

3.        Also excluded from the Settlement class are the three entities that submitted valid requests to opt out from the settlement.

4.        The Court finds that notice of the settlement, as set out in the Settlement Agreement and directed by the Court's Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 22), was "the best notice that is practicable under the circumstances . . . ." Fed. R. Civ. P. 23(c)(2)(B). As demonstrated by the Declaration Of Danielle Bracy Regarding The Settlement Notice (ECF No. 24-2), the settlement administrator from Angeion Group, the Court finds that the notice plan was effectively implemented and provided adequate information and time for members of the Settlement Class to opt out of the settlement, object to the settlement, or otherwise to act to protect their interests.  The Court thus reaffirms its findings that the notice given to the Settlement Class satisfies the requirements of due process.

---

[1] The Class Period is November 9, 2012 through and including the date 30 days after the entry of the Preliminary Approval Order. "Fees" means "Fuel Charges" and/or "Fuel Surcharges" assessed by Defendant (including any entity within the definition of "Defendant" as set forth in the Settlement Agreement) pursuant to any policy, credit application, and/or customer distribution agreement, the amount of which fluctuated on a sliding scale regardless of a customer's location based upon changes to the applicable Average On-Highway Diesel Fuel Prices reported by the U.S. Department of Energy, Energy Information Administration, which are at issue or could have been at issue in the operative complaint in the litigation. Excluded from the Settlement Class are: (1) any individual or entity currently in bankruptcy, (2) any individual or entity whose obligations were discharged in bankruptcy, (3) any judicial officer who has presided over the Litigation, and (4) Whole Foods Market, Inc.

5.      The Court finds that the settlement as set out in the Settlement Agreement filed with the Court on February 18, 2020 (ECF No. 24-1), which is incorporated by reference herein, is in all respects fair, reasonable, and adequate to the members of the Settlement Class.  The record before the Court establishes that the relevant factors, including the relief provided, the arms-length negotiations between the parties, and the risks to the parties, weigh heavily in favor of final approval of the proposed settlement.

6.      The response of the Settlement Class to the proposed settlement further supports this conclusion.  No Class Member objected to the settlement whatsoever. Further, only three of the nearly 40,000 potential class members chose to opt out of the settlement, less than .008% of potential class members.

7.      The Settlement Agreement and this Judgment are not admissions of liability, fault or wrongdoing by Defendant or the parties released under the Settlement Agreement, or a finding of the validity of any claims in this litigation, or of any wrongdoing or violation of law by Defendant or the parties released in the Settlement Agreement.  Neither this Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by Defendant, the parties released under the Settlement Agreement, or any of them.  Notwithstanding the foregoing, nothing in this Judgment shall be interpreted to prohibit the use of this Judgment in a proceeding to consummate or enforce the Settlement Agreement or this Judgment or Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

8.      The Court further finds, upon consideration of the record and applicable law including all factors identified in case law including *In re Thirteen Appeals*, 56 F.3d 295, 307 (1st Cir. 1995) and other cases, that Plaintiff's request for attorneys' fees in the amount of one-third of the Settlement Fund is reasonable and fair given (1) the size of the fund and the number of persons benefitted; (2) the skill, experience, and efficiency of the attorneys involved; (3) the complexity and duration of the litigation; (4) the risks of the litigation; (5) the amount of time devoted to the case by counsel; (6) awards in similar cases; and (7) public policy considerations, if any. *See, e.g., In re Lupron Mktg. and Sales Practices Litig.*, 2005 WL 2006833 at *3 (D. Mass. 2005). No objection is before the Court to such an award.  The Court grants Plaintiff's request and awards such fees.

9.      The Settlement Administrator, on behalf of the Defendant, on February 27, 2020, timely provided notice of this settlement to appropriate government officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The Court has reviewed the notice issued by the Settlement Administrator as well as the Declaration Of Danielle Bracy Regarding The Settlement Notice (ECF No. 24-2), and finds that the notice issued to the government officials complied with the applicable requirements of CAFA.

10.     The Court finds that Plaintiff's request for reimbursement of litigation expenses in the amount of $30,000 is fair and reasonable as expenses necessarily and reasonably incurred in the prosecution of this case, and therefore awards such expenses and grants Plaintiff's request.

11.     The Court also approves and finds reasonable the class representative incentive award of $15,000 to the named Plaintiff sought by Plaintiff in recognition of the services rendered and benefits conferred by the named Plaintiff on behalf of the Settlement Class.

12.     The Court directs the Parties to fulfill their remaining obligations as set forth in the Settlement Agreement filed with the Court on February 18, 2020 (ECF No. 24-1), which is incorporated by reference herein, including through the funding and distribution of funds necessary to effectuate the Settlement as set out therein.

13.     The Court's designations of Class Counsel and Class Representative set forth in the order granting preliminary approval of the settlement are confirmed.

14.     Final judgment of dismissal is hereby entered, and the Court finds that all members of the Settlement Class that did not timely and properly exclude themselves are bound by the Settlement Agreement and release as set out therein, and are hereafter permanently barred and enjoined from initiating, asserting and/or prosecuting any released claims against Defendant or other parties released under the Settlement Agreement in any court or forum.[2]

15.     Without affecting the finality of the Judgment, the Court retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and this Order.

16.     All other relief not expressly granted to the Settlement Class members is hereby denied.

_____

[2] As set forth in the Settlement Agreement, "Defendant" means United Natural Foods, Inc., its parent companies, operating subsidiaries, operating companies, divisions and all affiliated or related entities, including but not limited to, any divisions or units of Defendant or its affiliates, and each and all of their respective predecessors, successors, direct and indirect parents and subsidiaries, acquired companies, divisions, related or affiliated entities, and any entity in which any of them have a controlling interest, and for each and every above referenced entity, its respective past, present, and future shareholders, directors, managers, officers, employees, agents, attorneys, insurers, co-insurers, reinsurers, and each and all of their respective successors, predecessors, assigns and legal representatives.

IT IS SO ORDERED AND ADJUDGED.


Dated _August 12_____, 2020


_____
Hon. William E. Smith
DISTRICT JUDGE